# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TRINIDAD RUIZ, | CASE NO. 10-CV-2023 MMA (BGS) |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS |
| vs. | [Doc. No. 2] |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

On September 28, 2010, Plaintiff Trinidad Ruiz filed a complaint for judicial review and remedy on an administrative decision under the Social Security Act [Doc. No. 1], along with a motion to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $ 350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In her affidavit, Plaintiff claims she is unemployed, but receives $2,500 each month from her husband's income. Plaintiff has a checking account with a balance of $100 and a savings account with a balance of $20. Additionally, she owns a 1999 Chevrolet Suburban outright, as well as a home that is valued at $300,000.

1    Plaintiff reports that her two children are dependent upon her for support, but does not state
2 how much she contributes to their support. Plaintiff also reports that she currently has four debt
3 obligations: she owes $4,500 to Visa, $500 to Walmart, $1,300 for her mortgage, and $500 for
4 department store credit.

5    A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont*
6 *de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must be employed
7 to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims
8 or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own
9 oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

10    After reviewing Plaintiff's affidavit, the Court finds that Plaintiff has not made an adequate
11 showing that she lacks the financial resources or assets to pay the costs of commencing this action.
12 Plaintiff receives $2,500 per month from her husband's income. She owns her automobile outright,
13 and owns real estate valued at $300,000. Although Plaintiff has two children who are dependent upon
14 her for support, Plaintiff has not provided any information as to how much she contributes to their
15 support, as the IFP form instructs her to do. Moreover, the debt obligations do not appear to be so
16 objectively prohibitive that she cannot pay court costs and "still be able to provide [herself] and
17 dependents with the necessities of life." *See Adkins*, 335 U.S. at 339. The Court concludes that
18 contribution toward court costs is not outside of Plaintiff's means.

19    Based on the foregoing, the Court finds that Plaintiff has not satisfied the indigency
20 requirements of 28 U.S.C. § 1915(a)(1) and that she is able to pay costs to commence this action.
21 Accordingly, Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED**. Plaintiff shall pay the
22 $350 filing fee within fourteen (14) days of the date of this Order or this action shall be dismissed.

23    **IT IS SO ORDERED.**

24

25 DATED: October 6, 2010

26              Hon. Michael M. Anello
27              United States District Judge

28